IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| ANUSKA POKLER<br><br>PLAINTIFF,<br><br>v.<br><br>GWINNETT COUNTY,<br>MELANIE MEADER, IN HER INDIVIDUAL CAPACITY;<br>SUSAN OWEN, IN HER INDIVIDUAL CAPACITY.<br><br>DEFENDANTS. | Civil Action No.: _____ |

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Anuska Pokler, by and through her undersigned counsel, files this Amended Complaint for unlawful discrimination and retaliation by terminating her employment in violation of 42 U.S.C. §2000e et. seq. against Defendant Department of Planning and Development of Gwinnett County and violation of 42 U.S.C. §1981 against Defendants Melanie Meader and Susan Owen and alleges as follows:

PARTIES

1.

Plaintiff Anuska Pokler is a citizen and resident of the United States residing in Gwinnett County, Georgia.

2.

Defendant Department of Planning and Development, Gwinnett County ("Gwinnett County") is a county government office in Lawrenceville, Georgia responsible for promoting and enhancing the well-being of residents and businesses by planning for growth and maintaining adopted standards for development. It may be served with process at 446 W Crogan St # 150, Lawrenceville, GA 30046, United States.

3.

Defendant Melanie Meader ("Ms. Meader") is a citizen and resident of the United States residing in Georgia.

4.

Defendant Susan Owen ("Ms. Owen") is a citizen and resident of the United States residing in Georgia.

JURISDICTION AND VENUE

5.

This Court has jurisdiction over the claims in this action pursuant to 28

U.S.C. § 1331 and 28 U.S.C.§ 1343(a)(4).

6.

This suit is authorized and instituted pursuant to the Civil Rights Act of 1866, the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., Civil Rights Act of 1871 ("Title VII"), 42 U.S.C §1981 ("Section 1981") and 42 U.S.C §1983 ("Section 1983").

7.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on November 23, 2023. Plaintiff received her Notice of Rights to Sue on August 5, 2024. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

8.

Plaintiff's claims for discrimination and retaliation under 42 U.S.C. §1981 are timely filed within the four-year statute of limitations period set forth by 28 U.S.C. §1658.

9.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. The Defendant conducts business in this District, and the Plaintiff was employed by the Defendant in this District.

FACTS

10.

Plaintiff commenced her employment with Gwinnett County on August 15, 2022.

11.

Plaintiff reported to Ms. Patricia Huguenard ("Ms. Huguenard") (Caucasian) and Ms. Meader (Caucasian).

12.

Immediately upon her arrival, Plaintiff observed that Ms. Meader, Ms. Kerry Welch (Caucasian) ("Ms. Welch"), Ms. Erica Brannen (Caucasian) ("Ms. Brannen"), Ms. Owen (Caucasian) and Ms. Ashley (Last Name Unknown) (Caucasian) held their own social circle.

13.

Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley were known to routinely criticize non-white employees.

14.

As a proud person of Hispanic descent, Plaintiff felt uncomfortable.

15.

Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley began regularly mocking Plaintiff's accent.

16.

Ms. Meader further alienated Plaintiff by assigning her task that fell outside of her job description.

17.

The colleagues outside of Plaintiff's protected class, in particular, were not assigned the same duties.

18.

When customers of Latin or Hispanic descent appeared, Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley would jokingly call for Plaintiff with comments to the effect "here's one of your customers."

19.

Plaintiff was summoned to assist Hispanic customers even before learning that the customer did not speak English.

20.

Plaintiff orally addressed the concerns she had with Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley to Human Resources in early September 2022.

21.

Soon after, Ms. Huguenard, Ms. Meader and Ms. Welch, denied

Plaintiff training on September 15, 2022.

22.

Feeling alienated, Plaintiff developed a close working relationship with another non-white employee, Veera Sookraj ("Ms. Sookraj") within her first three weeks.

23.

When Ms. Meader failed to provide training or clarity, Ms. Sookraj filled in the void.

24.

Upon this discovery, Ms. Meader, Ms. Owen, and Ms. Brannen called Plaintiff to their cubical area and discouraged her from forming a working relationship with Ms. Sookraj.

25.

In mid-September 2022, Ms. Meader falsely claimed that Plaintiff cussed out a customer by calling her a "Fuckin Bitch."

26.

When Plaintiff asked for names or evidence to verify this accusation, Ms. Meader declined.

27.

Ms. Sookraj, who worked in close proximity with Plaintiff, denies ever

hearing Plaintiff make such a statement.

28.

On October 21, Plaintiff notified Ms. Owen that she was running a fever and that she would not be in that day.

29.

Ms. Owen responded, "What??? Get your ass here."

30.

Plaintiff did as she was instructed.

31.

Ms. Owens did not respond the same way when Caucasian employees routinely exercised leave.

32.

On November 3, 2022, Plaintiff fell ill again and went to work due to past statements.

33.

Ms. Meader saw that Plaintiff was sick and sent her home.

34.

After about two hours, Plaintiff found out that her employment with Gwinnett County was terminated effective immediately.

<u>COUNT I</u>
<u>RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII</u>

35.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 34 of this Complaint as though fully set forth herein.

36.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race with respect to compensation, terms, conditions, or privileges of employment.

37.

In order to make out a prima facie case of discrimination, the plaintiff must demonstrate that (1) they belong to a protected class, (2) were qualified for the position, (3) suffered an adverse employment action, and (4) were treated less favorably than similarly situated employees outside their protected class.[1]

38.

At all times relevant to this Complaint, Gwinnett County has continuously been an employer within the meaning of Sections 701(b), (g), and (h) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), (g), and (h).

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

39.

Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, specifically on the basis of her race.

40.

Plaintiff is a Hispanic female and, as such, is a member of a protected class under Title VII.

41.

Plaintiff was hired by Gwinnett County on August 15, 2022.

42.

Plaintiff was qualified for the position she held, and she performed her duties to the best of her ability.

43.

Despite her qualifications and performance, Plaintiff was subjected to disparate treatment based on her race.

44.

Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley treated Plaintiff less favorably than her similarly situated Caucasian colleagues.

45.

Specifically, Plaintiff was denied training that was necessary for her

role, and she was assigned tasks that were outside the scope of her job description.

46.

These tasks were not assigned to her Caucasian colleagues, who were provided with the training and support they needed to perform their jobs effectively.

47.

Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley also subjected Plaintiff to discriminatory comments and behavior.

48.

Plaintiff was subjected to racially charged comments and jokes, including being called to assist "her customers" when Hispanic or Latin customers arrived, regardless of whether these customers spoke English.

49.

Such comments were not directed at her Caucasian colleagues, who were not singled out or mocked based on their race.

50.

In addition, Plaintiff was falsely accused of making derogatory statements to a customer by Ms. Meader.

51.

This accusation was made without any evidence.

52.

Such false accusations were not made against Plaintiff's Caucasian colleagues.

53.

On October 21, 2022, when Plaintiff informed Ms. Owen that she was sick and could not come to work, Ms. Owen responded in a demeaning and discriminatory manner by stating, "What??? Get your ass here."

54.

Plaintiff complied with this instruction, fearing further retaliation.

55.

Caucasian employees were not treated in this manner when they were ill.

56.

On November 4, 2022, Plaintiff was terminated from her employment.

57.

Plaintiff believes that her termination was based on her race and was a direct result of the discriminatory treatment she had experienced throughout her employment.

58.

The actions of Defendants, as described above, constitute unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964.

59.

As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered lost wages, benefits, emotional distress, humiliation, and other damages.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

60.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 of this Complaint as though fully set forth herein.

61.

Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for engaging in protected activities related to race discrimination.

62.

To make out a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in Title VII-protected activity; (2) he was subjected to adverse employment action; and (3) a causal connection exists

between the plaintiff's protected activity and the adverse employment action.[2]

63.

Plaintiff engaged in protected activity under Title VII[3] by raising concerns about racial discrimination to the Human Resources department in September 2022.

64.

Following Plaintiff's protected activity, Ms. Meader along with Ms. Welch, Ms. Brannen, Ms. Owen and Ms. Ashley took adverse employment actions against her.

65.

On September 15, 2022, shortly after Plaintiff raised her concerns, Ms. Meader along with Ms. Welch and Ms. Huguenard denied her the training she needed to perform her job effectively.

66.

Plaintiff was terminated from her employment on November 4, 2022,

67.

There is a causal link between Plaintiff's protected activity and the

---

[2] *Bailey v. Metro Ambulance Servs.*, 992 F.3d 1265, 1268 (11th Cir. 2021).
[3] Title VII's protections are not limited to individuals who file formal complaints—it protects those who voice informal complaints as well. *Ceus v. City of Tampa*, 803 Fed. Appx. 235, 246 (11th Cir. 2020).

adverse employment actions taken against her within a period of three months.

68.

Defendant's conduct of denying training to Plaintiff and terminating her constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

COUNT III
RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
69.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 68 of this Complaint as though fully set forth herein.

70.

In order to assert a prima facie case for race discrimination, Plaintiff must demonstrate that she is: (1) a member of the respective protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated person outside the respective protected class.

71.

Plaintiff is a Hispanic female entitled to the same privileges as all persons within the territory United States as per 42 U.S.C. § 1981(a).

72.

During Plaintiff's employment with Gwinnett County, Plaintiff was subjected to discriminatory treatment based on her race by Defendants Melanie Meander, and Susan Owens in their individual capacity.

73.

At all times relevant to this action, Plaintiff was qualified for her position with Gwinnett County, performing her job duties and responsibilities in accordance with the standards expected by the Gwinnett County.

74.

Plaintiff suffered several adverse employment actions when she was denied necessary training and assigned tasks outside of her job description, which were not imposed on similarly situated Caucasian employees.

75.

Plaintiff faced derogatory comments and mockery related to her accent and race from Defendants and their associates. Defendants also mocked Latin or Hispanic customers and referred to them in a derogatory manner.

76.

Plaintiff was falsely accused of inappropriate conduct towards a customer by Ms. Meader.

77.

Plaintiff was subjected to discriminatory treatment compared to Caucasian employees, including differential treatment in job assignments and supervision.

78.

Plaintiff was ordered to come to work while sick by Ms. Owen and was subsequently terminated on November 4, 2022, after falling ill, which contrasted with the treatment of Caucasian employees.

79.

Plaintiff was treated less favorably than similarly situated individuals outside her protected class. Specifically, Defendants' discriminatory comments and conduct were not directed at Caucasian employees, who were not subjected to the same level of mockery or unjust treatment.

80.

Defendants' conduct constituted a violation of 42 U.S.C. § 1981, which provides that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts as enjoyed by white citizens.

## COUNT IV
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

81.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 91 of

this Complaint as though fully set forth herein.

82.

To establish prima facie retaliation, under Title VII or § 1981, a plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action.[4]

83.

On or about September 2022, Plaintiff engaged in a protected activity by raising concerns regarding discriminatory treatment and lack of training to the Gwinnett County's Human Resources department.

84.

Following Plaintiff's engagement in this protected activity, she experienced several adverse employment actions including being denied necessary training, receiving unjustified negative treatment, and being falsely accused of misconduct.

85.

Plaintiff's adverse employment actions also included being ordered to come to work while sick and subsequently being terminated on November 4,

---

[4] *Bailey v. Metro Ambulance Servs.*, 992 F.3d 1265, 1268 (11th Cir. 2021).

2022, which occurred after her protected activity.

86.

There is a causal connection between Plaintiff's protected activity and the adverse employment actions she suffered.

87.

The timing of the adverse actions, coupled with the retaliatory conduct from Defendants, demonstrates that these actions were a direct result of Plaintiff's protected activity.

88.

Defendants' conduct in retaliating against Plaintiff for her protected activity violated 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Award compensatory damages for emotional distress, punitive damages, humiliation, embarrassment, and economic loss;

2. Award reasonable attorney's fees, costs, and expenses incurred in bringing this action;

3. Any other relief the Court deems just and proper.

Respectfully submitted this 3rd day of November 2024.

**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 3rd day of November 2024.

**JESSE KELLY PC**

*/s/ Jesse Kelly*

**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com